UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR DEL AGUILA,

               Plaintiff,

        v.

NEWMARK SOLUTIONS CORP. AND
WILFREDO RODRIGUEZ CRUZ,

               Defendants.

---

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY**
**FILED**
**DOC#:**
**DATE FILED: 10-26-20**

19-CV-7372 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Edgar Del Aguila brought this action against Defendants Newmark Solutions

Corp. and Wilfredo Rodriguez Cruz, alleging violations of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*

(McKinney).   On July 27, 2020, the parties submitted a settlement agreement covering Del

Aguila's claims, which requires judicial approval pursuant to *Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 199 (2d Cir. 2015).   *See* Dkt. 31, Ex. 1 (the "Agreement").   The parties have

submitted a letter urging that the Agreement, settling the case for $45,000, is fair and reasonable.

Dkt. 31.   Plaintiff's counsel also requests judicial approval of attorneys' fees in the amount of

$15,000, representing one third of the total settlement amount.   *Id.* at 5.   Counsel has submitted

contemporaneous billing records documenting the hours worked by his attorneys.   *See* Dkt. 31,

Ex. 2.   For the reasons that follow, although the Court approves the settlement amount and

proposed award of attorneys' fees, it will not approve the confidentiality and non-disparagement

provisions in the Agreement.   The Court thus denies the parties' request for approval of the

Agreement, albeit without prejudice to renew in accordance with this opinion.

## BACKGROUND

Del Aguila worked as a construction laborer and foreman for Newmark, which is owned and operated by Defendant Cruz, from approximately March 2015 through February 2019. *See* First Am. Compl., Dkt. 10, at ¶¶ 15, 43. Del Aguila alleges that he worked more than forty hours per week without receiving overtime compensation, *id.* ¶ 62, and that on certain public works contracts with New York City, Defendants failed to pay the local prevailing wage rate. *Id.* ¶ 36. Del Aguila brought six claims alleging violations of the FLSA and the NYLL, and, in the alternative, for unjust enrichment. *See id.* ¶¶ 80–116. This Court referred the case to mediation, *see* Dkt. 21, after which the parties reached this settlement.

## LEGAL STANDARD

To advance FLSA's "underlying purpose" of "insuring to all our able-bodied working men and women a fair day's pay for a fair day's work," a settlement in a FLSA case must be approved by either a court or the Department of Labor. *Cheeks*, 796 F.3d at 206 (internal quotation marks omitted). "To obtain approval, the parties must demonstrate that their agreement is 'fair and reasonable.'" *Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *1 (S.D.N.Y. May 16, 2017) (quoting *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015)).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of

2

fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

Courts have rejected settlement agreements that run afoul of FLSA's objectives by including overbroad non-disparagement clauses or confidentiality provisions. *See, e.g.*, *Martinez*, 2017 WL 2169234, at *2 (finding a confidentiality provision contrary to public policy); *Larrea v. FPC Coffees Realty Co.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *4 (S.D.N.Y. May 5, 2017) (finding confidentiality provision "grossly overbroad"); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (denying non-disparagement clause where there was no "carve-out for truthful statements about plaintiffs' experience litigating their case"). These provisions tend to "contravene[] the remedial purposes" of the FLSA and make a settlement "not 'fair and reasonable.'" *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015).

## DISCUSSION

Although the Court approves the settlement figure and proposed award of attorneys' fees, there are two issues which lead the Court to deny approval of the Agreement at this time.

### I.    The Confidentiality Provision

The Agreement contains a confidentiality provision providing that the parties "shall keep all of the terms of this settlement confidential and shall not disclose the terms to any third party" with exceptions for tax or legal advisors or if required to do so by law. Agreement ¶ 8. The Court rejects this provision.

In general, "[c]onfidentiality provisions in FLSA settlements are contrary to public policy." *Guerra-Alonso v. West 54 Dell Corp. et al.*, No. 14-CV-7247 (WHP), 2015 WL 3777403, at *1 (S.D.N.Y. May 22, 2015). "[C]ourts have a duty not only to safeguard the rights of individual

FLSA litigants, but to ensure that a proposed settlement comports with FLSA's broader, remedial goals, which include ensuring widespread compliance with the statute." *Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at \*1 (S.D.N.Y. Dec. 15, 2015). Confidentiality provisions come into conflict with "Congress' intent . . . both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace" by preventing an employee who has vindicated his FLSA rights from informing his co-workers. *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2015 WL 129723, at \*2– 3 (S.D.N.Y. Jan. 9, 2015) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d, 1227, 1245 (M.D. Fla. 2010)). Because this confidentiality clause would prevent Del Aguila from discussing the outcome of this action with "any third party" beyond certain narrow circumstances, the Court will not approve this provision of the Agreement. In any event, the need for confidentiality is "difficult to comprehend here, as this information has already been disclosed" via the ECF filings in this case. *Martinez*, 2017 WL 2169234, at \*2 (quoting *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at \*3 (S.D.N.Y. Mar. 24, 2016)).

## II. The Non-Disparagement Provision

The Agreement further provides that "[t]he Parties shall not, at any time after the execution of this Agreement, make statements or representations, or otherwise communicate, directly or indirectly, in writing, orally, or otherwise, or take any action which may, directly or indirectly, disparage, or make any derogatory statements towards, or regarding, any Party to this Agreement or any of their subsidiaries or affiliates, their respective officers, directors, employees, advisors, consultants, clients, customers, businesses or reputations." Agreement ¶ 9. The Agreement does not preclude the parties from making "truthful statements that are required by applicable law, regulation, or legal process." *Id.*

4

Although non-disparagement clauses are not *per se* objectionable, courts reject them where there is no "carve-out for truthful statements about plaintiffs' experience litigating their case." *Lopez*, 96 F. Supp. 3d at 180 n.65.  The limited carve out in this non-disparagement provision for "truthful statements that are *required* by applicable law" does not permit truthful statements about Del Aguila's experience bringing the suit.  Agreement ¶ 9 (emphasis added).  Instead, it allows only statements Del Aguila is legally compelled to make.  *Compare Lazaro-Garcia*, 2015 WL 9162701, at *3 ("Without this exception, Defendants could argue that Plaintiff would violate the agreement by informing other employees—who may not be aware of their rights under FLSA— of the company's failure to pay the wages required by law.") *with Zhong v. Rockledge Bus Tour, Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (approving non-disparagement clause explicitly permitting plaintiff to "mak[e] truthful statements concerning their experience litigating this Action, or the facts underlying their claims").

Because this provision does not contain the required carve-out, the Court will not approve the Agreement containing this provision as written.  *See Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (declining to approve an agreement which provided that neither party could "say[] or do[] [any]thing to bring discredit upon the other").

## CONCLUSION

For the reasons stated above, the Court declines to approve the parties' settlement agreement at this time.  No later than November 5, 2020, the parties shall proceed in one of the following three ways:

1. The parties may file a revised settlement agreement that comports with this opinion;

2. The parties may file a joint letter indicating their intention to abandon the Agreement and continue pursuing this litigation; or

3. The parties may stipulate to a dismissal of this action without prejudice, as the Second

Circuit has not expressly held that such settlement agreements require court approval.  *See Cheeks*,

796 F.3d at 201 n.2.

SO ORDERED.

Dated:     October 26, 2020
           New York, New York

RONNIE ABRAMS
United States District Judge

6