## SETTLEMENT AGREEMENT

This Settlement Agreement and Mutual Release (the "Agreement") is made as of July 24, 2020 (the "Effective Date"), by and between EDGAR DEL AGUILA ("Plaintiff") and NEWMARK SOLUTIONS CORP. and WILFREDO RODRIGUEZ CRUZ, in this professional capacity ("Defendants"). Plaintiff and Defendants may, hereafter be referred to individually as a "Party" to the Agreement, or collectively as the "Parties" to the Agreement.

## RECITALS

**WHERAS**, Plaintiff initiated a civil action against Defendants by filing a civil complaint ("Complaint") in the Southern District of New York. The title for said civil action is <u>Del Aguila, et al. v. Newmark Solutions Corp., et al.</u>; 19-cv-07372-RA ("Dispute").

**WHEREAS**, notwithstanding the Parties' respective positions, and in an effort to avoid any further litigation, the parties have agreed to the terms of a resolution of the Dispute, which entails the parties dismissing with prejudice the Complaint, and releasing any and all claims which were or could have been asserted against Defendants, as well as any other existing or potential claims between them. This clause specifically excludes any claims for any breach of this Agreement.

**WHEREAS**, the Parties, having agreed that this Agreement reflects a good faith and fair settlement of the claims that were or could have been asserted in the matter, now wish to formally memorialize their compromise and settlement by entering into this Agreement, doing so freely and voluntarily, after having received the benefit of independent counsel and with full knowledge of the binding and conclusive nature thereof upon each of the Parties.

**NOW THEREFORE**, in consideration of the promises and agreement set out below, and other good and valuable consideration, the sufficiency and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. **Defendants' Settlement Obligations:** Defendants are required to pay Plaintiff the sum of $45,000.00, which includes attorneys' fees and costs ("Cash Settlement Amount"). The Parties agree that Defendants shall pay the Cash Settlement Amount in 9 equal installments of $5,000.00, with the first payment made on or before December 30, 2020 or 2 business days after court approval, whichever is later. Defendants shall continue to make payments every sixty (60) days thereafter until payment in full has been made. All payments must be mailed or wired to the Law Office of Christopher Q. Davis, PLLC in trust for Plaintiff.

2. **Plaintiff's Settlement Obligations:** Plaintiff, as promisor, agrees to make a

$10,000.00 forgivable promissory note due in full in two (2) years from the date of execution of this Agreement without interest in exchange for Newmark Solution Corp's. promise that neither Wilfredo Rodriguez Cruz, Angel Ruiz, nor Edgar Del Aguila, Sr. shall make contact, whether by direct or third party contact, with Plaintiff during the two-year period of the note. If Plaintiff can demonstrate by clear and convincing evidence that he was contacted by Wilfredo Rodriguez Cruz, Angel Ruiz, or Edgar Del Aguila, Sr. during the two-year period other than by means of Plaintiff's present phone number, the promissory note will become immediately due and payable. Similarly, Plaintiff agrees to avoid all contact with Wilfredo Rodriguez Cruz, Angel Ruiz, and Edgar Del Aguila, Sr. during the two-year period of the note.

Plaintiff is further required to seek Court approval of this Agreement from the presiding district court judge within 30 days of the Agreement. Defendants shall not oppose Plaintiff's application for settlement approval and payment of attorneys' fees and costs.

3. **Dismissal of Actions and Proceedings:** Within five (5) business days of the district court's approval of the Agreement, the Parties shall execute a Stipulation of Dismissal with Prejudice ("Stipulation"), dismissing the Complaint as against this Defendants. The Parties and their respective counsel shall coordinate the filing of the Stipulation with the Court.

4. **Default:** In the event Defendants fail to make timely payments, Defendants shall be deemed in default ("Default"). In the event Defendants fail to timely cure the Default within 5 calendar days after written notice of the default is given to Defendants' counsel by email and first-class mail, Plaintiffs shall have the right to obtain judgment against Defendants, in accordance with the Warrant of Attorney to Confess Judgment attached as Exhibit A hereto, for the full amount of the settlement, less any amounts paid by Defendants. Defendants hereby waive any rights and defenses they otherwise would have had to contest the fact and amount of the settlement payment. In addition, or alternately in Plaintiffs' sole discretion, Plaintiffs may pursue against the Defendants any and all other available rights and remedies, including, but not limited to, initiating a lawsuit against the Defendants to recover the Settlement Payment.

5. **Mutual General Release:** The Parties on behalf of themselves and their respective agents, representatives, employees, owners, officers, directors, predecessors, successors and assigns hereby release and forever discharge each other, and each of their past and present predecessors, successors, affiliates, subsidiaries, parents, insurers, officers, directors, employees, heirs, assigns, agents, and attorneys from

Doc ID: 51255132acd1ca94d898d396a6f5709811b3ff0e

any and all known and unknown claims, disputes, demands, debts, liabilities, obligations, contracts, agreements, causes of action, suits, attorneys' fees and/or costs, of whatever nature, character or description, which the Parties had, now have, or may have related to the Dispute and/or any of the matters which arise out of, from, asserted in, or which could have been asserted in connection with the dispute.

6. **Waiver of Claims:** Except as otherwise provided in this Agreement, the Parties agree that this Agreement shall act as a release of any and all claims that may arise from conduct prior to the date of this Agreement in connection with the Dispute whether such claims are known, unknown, foreseen, or unforeseen, liquidated or unliquidated, choate and/or inchoate.

   **No Admission:** The parties' execution of this Agreement is not an admission of any liability, fault, or responsibility on the part of any released Party. Any settlement made pursuant to this Agreement is regarded by the Parties hereto as consideration to avoid the expense, inconvenience and uncertainty of litigation.

7. **No Publicity.** Plaintiff and Counsel agree that they will not issue, send or post, or cause to be issued, sent or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blogs, or social networking sites, including but not limited to Facebook, SnapChat, Instagram, LinkedIn and Twitter, (collectively, the "Media") regarding the Litigation, the Parties' settlement discussions, the existence and/or terms of this Agreement, and/or the facts and events leading up to same. If contacted by any member of the Media or any other individuals through any of the Media, Plaintiff and/or Counsel will simply state that the Litigation has been resolved and will provide no other comment. Nothing in the paragraph shall otherwise limit Plaintiff's ability to otherwise discuss this Litigation and/or the terms of this Agreement with anyone outside of the Media, as defined in this paragraph.

8. **Non-Disparagement:** The Parties shall not, at any time after the execution of this Agreement, make statements or representations, or otherwise communicate, directly or indirectly, in writing, orally, or otherwise, or take any action which may, directly or indirectly, disparage, or make any derogatory statements towards, or regarding, any Party to this Agreement or any of their subsidiaries or affiliates, their respective officers, directors, employees, advisors, consultants, clients, customers, businesses or reputations. Notwithstanding the foregoing, nothing in this Agreement shall preclude the Parties from making truthful statements concerning their experience litigating this Action, the facts underlying the claims asserted in this litigation or any statements that are required by applicable law, regulation, or

legal process.

9. **Consultation with Counsel:** The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading to their execution of this Agreement, and that they have read this Agreement and have had it fully explained to them by their counsel.

10. **No Reliance:** The Parties represent and warrant that, in executing and entering into this Agreement, they area not relying and have not relied upon any representation, promise or statement made by anyone which is not recited, contained or embodied in this Agreement. Furthermore, each of the parties to this Agreement has received independent legal advice, or has had the opportunity to receive independent legal advice, from such Party's respective attorneys with respect to the advisability of executing this Agreement. The Parties are entering this Agreement wholly of their own free will and volition.

11. **Entire Agreement:** This Agreement comprises and contains the entire agreement between the Parties respecting the matters set forth in this Agreement, and supersedes and replaces all prior negotiations, understandings, proposed agreements and agreements between the Parties, written or oral. Neither Party has made any statement, representation or promise, other than as expressly set forth herein, to any other party in entering into this Agreement, which has been relied upon by any other party entering into this Agreement.

12. **Construction of this Agreement:** The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party hereto. Both Parties have participated in drafting this Agreement. The Parties understand and expressly assume the risk that any fact not recited, contained or embodied herein may turn out hereafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true. Nevertheless, the Parties intend by this Agreement, and with the advice of their own, independently selected counsel, to release finally, fully and forever, all matters released hereunder and agree that this Agreement shall be effective in all respects notwithstanding any such difference in facts, and shall not be subject to termination, modification or rescission by reason of any such difference in facts.

13. **Severability:** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain in full force and effect. This Agreement shall survive the termination of any arrangements contained herein.

Doc ID: 51255132acd1ca94d898d396a6f5709811b3ff0e

14. **No Waiver of Terms or Conditions:** Failure to insist on compliance with any term or condition contained in this Agreement shall not be deemed a waiver of that term or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at anyone or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

15. **Authority of Signatories:** Each of the persons executing this Agreement is empowered and authorized to do so on his, her, or its own or principal's behalf, and no further consents or approvals are required.

16. **Further Assurances:** Each Party agrees to take such further actions and to execute such further documents, instruments and agreements as may be reasonably requested by the other Party to further confirm and effect the consummation of the transactions contemplated by this Agreement.

17. **Choice of Law/Venue:** This Agreement is executed and delivered within the State of New York and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with and governed by the laws of the State of New York. In the event of any dispute in connection with this Agreement, the Parties hereto agree that the State Courts of New York shall constitute the most appropriate venue for any such lawsuit or dispute due to the convenience of likely witnesses.

18. **Costs:** In entering into this Agreement, the Parties acknowledge that each side is to bear their own attorneys' fees and costs connected with and/or arising from the Dispute and that no claim for such may be made at any subsequent time.

19. **Modification and Amendment:** This Agreement may not be modified or amended in any way, except by a writing signed by the party to be charged therewith.

20. **Counterparts:** This Agreement may be signed in counterparts, and each counterpart so signed shall constitute a part of one valid original document.

21. **Facsimile or PDF Transmission:** This document may be signed by facsimile or as a PDF document. A photocopy of this Agreement may be used as the original.

22. **Section Descriptions:** The use of headings in this Agreement is only for ease of reference and the headings have no effect and are not to be considered part or terms of this Agreement.

Doc ID: 51255132acd1ca94d898d396a6f5709811b3ff0e

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**EXECUTED THE DAY AND YEAR FIRST ABOVE WRITTEN.**

EDGAR DEL AGUI:A

Signature: _____[signature]_____   11 / 04 / 2020

Print Name: __Edgar Del Aguila__


WILFREDO RODRIGUEZ CRUZ

Signature: _____[signature]_____

Print Name: _____


NEWMARK SOLUTIONS CORP.

Signature: _____[signature]_____

Print Name: _____

Title: _____

Doc ID: 51255132acd1ca94d898d396a6f5709811b3ff0e



Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20201104-14-1gz5u02.pdf |
| **DOCUMENT ID** | 51255132acd1ca94d898d396a6f5709811b3ff0e |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

**This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com**

## Document History

**SENT**  
**11 / 04 / 2020**  
19:46:33 UTC  
Sent for signature to Edgar Del Aguila (edgardelaguila1986@gmail.com) from rhaskell@workingsolutionsnyc.com  
IP: 71.105.158.94

**VIEWED**  
**11 / 04 / 2020**  
19:53:32 UTC  
Viewed by Edgar Del Aguila (edgardelaguila1986@gmail.com)  
IP: 172.58.228.82

**SIGNED**  
**11 / 04 / 2020**  
19:55:05 UTC  
Signed by Edgar Del Aguila (edgardelaguila1986@gmail.com)  
IP: 172.58.228.82

**COMPLETED**  
**11 / 04 / 2020**  
19:55:05 UTC  
The document has been completed.

Powered by HELLOSIGN